IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER LYONS,** | ) | **CASE NO.  5:07 CV 2986** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY** | ) | **Magistrate Judge Nancy A. Vecchiarelli** |
| | ) | |
| **Defendant.** | ) | <u>**MEMORANDUM OPINION**</u> |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli (Document # 18), recommending that Defendant's final determination denying the claim for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") under Title II and Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, 1381 *et seq.* be affirmed.

Based upon a thorough review of the record in this case, the Magistrate Judge found the decision of the Commissioner to be supported by substantial evidence and that the Commissioner employed the correct legal standards in reaching the decision to deny benefits.

On June 27, 2008, Plaintiff filed his Objections to the Magistrate Judge's Report and Recommendation.  (Docket #19.)  First, Plaintiff argues that the ALJ did not adequately explain the reasons for rejecting the treating physician's opinion and that the Magistrate wrongfully

concluded that the treating physician's RFC assessment is not a medical opinion. Plaintiff states that treating physicians are entitled to give opinions toward ultimate issues reserved to the Commissioner. Further, Plaintiff states that the treating physician is the only doctor who addressed Plaintiff's herniated discs and there is no evidence to contradict the treating physician's opinion relative to the herniated discs.

Second, Plaintiff argues that the Magistrate Judge erred by wrongfully concluding that the phrase "degenerative changes of the cervical and lumbar spine" encompasses the herniated and bulging discs in Plaintiff's spine. Plaintiff provides the definition of "degeneration" from Stedman's Medical Dictionary, arguing that "by not making a specific finding of a severe impairment characterized as a herniated disc, the Court cannot assume that the ALJ understood the totality of Plaintiff's severe problems." Plaintiff asserts that the ALJ's failure to recognize the severe impairment "is related to the ALJ's failure to recognize the treating physician's opinions."

On July 2, 2008, Defendant filed a Response to Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge. (Docket #20.) Defendant asserts that the arguments set forth in Plaintiff's Objections were properly addressed in the Magistrate Judge's Report and Recommendation. Relying on *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001), Defendant states that "because substantial evidence supports the ALJ's RFC finding, it should be affirmed, even if other evidence supports Plaintiff's allegations."

First, Defendant states that an opinion on an issue reserved to the Commissioner, in this case the issue of unemployability, is entitled to no special deference, regardless of the source. Defendant refers to the Report and Recommendation, noting that the Magistrate Judge did not

-2-

suggest that a treating source could not offer such an opinion, only that an opinion on an issue reserved to the Commissioner cannot be given "controlling weight." Regardless, Defendant argues that the ALJ's decision was reasonable.

Second, Defendant states that contrary to Plaintiff's argument, neither the Magistrate Judge nor the ALJ found a lack of objective evidence. Rather, Defendant asserts, both the Magistrate Judge and the ALJ found that evidence of herniated discs alone does not support a finding of disability. Further, Defendant argues that the Magistrate Judge correctly found that the ALJ reasonably discredited Dr. Steurer's opinions to the extent they were based on Plaintiff's subjective complaints, rather than clinical signs and medical findings, and were inconsistent with other significant evidence.

Third, Defendant states that the Magistrate Judge correctly found that Plaintiff's herniated and bulging discs were part of his overall spinal impairment, which the ALJ had found to be severe. Defendant asserts that because the ALJ found a combination of Plaintiff's impairments to be severe, the fact that the ALJ did not consider the herniated and bulging discs to be "severe" at Step Two is legally irrelevant.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) states:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ, is limited to whether the decision is supported by substantial evidence. *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

**Conclusion**

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo* and has considered all of the pleadings, transcripts, and filings of the parties, as well as the Objections to the Report and Recommendation filed by Plaintiff and Defendant's response thereto. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. This Court finds that Magistrate Judge Vecchiarelli properly found the decision of the Commissioner to be supported by substantial evidence and that the Commissioner employed the correct legal standards in reaching the decision. Accordingly, the Report and Recommendation of Magistrate Judge Vecchiarelli (Document #18) is hereby ADOPTED. Defendant's final determination denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") under Title II and Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, 1381 *et seq.* is hereby AFFIRMED.

IT IS SO ORDERED.

            s/Donald C. Nugent
            DONALD C. NUGENT
            United States District Judge

DATED: July 15, 2008